UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
COURT FILE NO.:

| | |
|---|---|
| Lori Leohner, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) D.S. Erickson & Associates, PLLC, ) ) Defendant. ) | 20-cv-68 |

### COMPLAINT - CLASS ACTION

Plaintiff, Lori Leohner, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (hereinafter "FDCPA"), for a finding that Defendant's debt collection actions violate the aforementioned statutes and to recover damages and alleges:

### Jurisdiction and Venue

1. Jurisdiction of this Court arises under 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d).

2. This action arises out of Defendant's violations of the FDCPA by this Defendant in its illegal efforts to collect a consumer debt from Plaintiffs.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendant transacts business here.

1

## Parties

4. Plaintiff is a natural person who resides in the town of Amery, County of Polk, State of Wisconsin, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §1692k(a).

5. Upon information and belief, Defendant, D.S. Erickson & Associates, PLLC, is a collection law firm operating from an address of 920 Second Ave S #800 Minneapolis, MN 55402, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## Factual Allegations

6. Due to unforeseen financial difficulties, Plaintiff was forced to stop paying some of her debts which included an alleged debt that she owed debts for medical services to Mayo Clinic Health System.

7. At some point, Mayo Clinic Health System retained D.S. Erickson & Associates, PLLC, to attempt to collect the debt at issue in this matter.

8. On February 7, 2019, Defendant sent Plaintiff a dunning letter in which it attempted to collect the aforementioned defaulted medical debts. A copy of this letter is attached hereto as Exhibit "A".

9. The dunning letter sent by Defendant on February 7, 2019, states the following:

> This firm's client, Mayo Clinic Health System, requests that you be provided with the enclosed **Financial Assistance Policy - Plain Language Summary, Mayo Clinic Health System in Eau Claire**. Mayo Clinic Health System offers financial assistance to eligible individuals.
>
> Mayo Clinic Health System reserves the right to initiate the following actions with regard to files at this law firm:
>
> 1. Commencing a civil action or lawsuit against the patient or responsible individual;
> 2. Garnishing an individual's wages after securing a court judgment;
> 3. Attaching or seizing an individual's bank account, other personal property, or other judgment enforcement action permissible under state law after securing a judgment, and;
> 4. Placing a lien on an individual's property after securing a judgment.
>
> As a result, this law firm may pursue any of these actions against you after thirty (30) days. You may contact this office at the number listed above to discuss this matter further. Per the FDCPA, this communication is from a "debt collector."

See Exhibit "A".

10. However, this presumes that a judgement will be entered and therefore this threat is false because it assumes a predetermined result—that the law firm will recover the alleged debt. No one, including the Defendant, can foresee the future. Courts have found such language to be a violation of the FDCPA. *See, e.g.*, Schimmel v. Slaughter, 975 F.Supp. 1357, 1363 (M.D. Ga. 1997)(Finding that the language "[a]fter judgment is obtained, garnishment can be brought to satisfy judgment" constitutes a violation of the FDCPA); Dutton v. Wolhar, 8-9 F.Supp. 1130 (D.Del. 1992)(Finding that the use of the phrase "once judgment is obtained" falsely represents defendants ability to secure judgment. . ."). *See also* Oglesby v. Rotche, 1993 WL 460841 (N.D. Ill. 1993); Araiza v. Mecham, 2011 WL 772432 (D.Ariz. 2011); Brown v. Card Service Center, 464 F.3d 450 (3d Cir. 2006).

11. The unsophisticated consumer would believe that recovery of the debt is inevitable even if she disputed the debt.

12. Defendant has made false statements to Plaintiff regarding its success in recovery defaulted debts in an attempt to intimidate her into making payments which constitutes a violation of the FDCPA.

13. Moreover, violations of the FDCPA, such as the violation detailed above, would lead a consumer to alter her course of action as to whether to pay a debt, or would be a factor in the consumer's decision making process, are material. Indeed, the incentive to pay a debt is greater if the debt collector threatens that the law firm will recover the alleged debts. Here, Defendant's actions would cause the unsophisticated consumer to question the true character of the debt and whether she indeed had the rights that Congress granted her under the FDCPA.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* <u>Gammon v. GC Services, Ltd., Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

## Count I:
## Violations of the Fair Debt Collection Practices Act

15. Plaintiff adopts and realleges paragraphs 1 through 14.

16. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt. *See* 15 U.S.C. §1692e.

17. Defendants' violation of §1692e of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. §1692k.

## Count II:

## Violations of the Fair Debt Collection Practices Act

18. Plaintiff adopts and realleges paragraphs 1 through 17.

19. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. *See* 15 U.S.C. §1692f.

20. Defendant, by misrepresenting the legal process and the nature of debt collection, used an unfair or unconscionable means to collect a debt, in violation of §1692f of the FDCPA.

21. Defendant's violation of §1692f of the FDCPA renders them liable for damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. §1692k.

## Class Allegations

22. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of Wisconsin from whom Defendant attempted to collect a defaulted consumer debt allegedly owed for a medical debt via the same form collection letter (exhibit "A"), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letter violates the FDCPA and asks that the Court award damages as authorized by §1692k(a)(2) of the FDCPA.

23. Defendant regularly engages in debt collection, using the same form letters that it sent to Plaintiff in their attempts to collected defaulted consumer debts from other consumers.

24. Upon information and belief, the class consists of at least 35 persons from whom Defendant has attempted to collect defaulted consumer debts by sending other consumers the same form collection letter that they sent to Plaintiff.

25. Plaintiff's claims are typical of the claims of the class. Common questions of law or fact raised by this class action complaint affect all members of the class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

26. The prosecutions of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to the individual members of the class, and a risk that any adjudications with respect to individual members of the class would, as a practical matter, either be dispositive of the interests of other members of the class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the class as a whole such that declaratory relief is warranted.

27. Plaintiff will fairly and adequately protect and represent the interests of the class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the class, because Defendant's conduct was perpetrated on all members of the class and will be established by common proof.

## Prayer for Relief

Plaintiff, individually and on behalf of all others similarly situated, prays that this court:

1. Certify this action as a class action;
2. Appoint Plaintiff as Class Representative of the class, and his attorney as class counsel;
3. Find that Defendant's collection practices violate the FDCPA;
4. Enter judgment in favor of Plaintiff and the class and against Defendant for actual damages, statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and
5. Grant such further relief as deemed just.

## Jury Trial Demand

Plaintiff, individually and on behalf of all other similarly situated, demands trial by jury.

Respectfully submitted,

**Lein Law Offices**

By: s/Matthew C. Lein
Matthew C. Lein
Attorney I.D.#1084028
15692 Hwy 63 North
PO Box 761
Hayward, Wisconsin 54843
Telephone: (715) 634-4273
Facsimile: (715) 634-5051
mlein@leinlawoffices.com

DocuSign Envelope ID: BDE5F1DA-65F7-483B-9427-1DC0A78B9DB5

/s/ John T. Steinkamp
John T. Steinkamp, #19891-49
Attorney for Plaintiff
5214 S. East Street, #D-1
Indianapolis, IN 46227
(317) 780-8300
(317) 217-1320 fax
john@johnsteinkampandassociates.com

**Attorneys for Plaintiff**

8

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF WISCONSIN        )
                          ) ss
COUNTY OF SAWYER          )

Pursuant to 28 U.S.C. § 1746, Plaintiff, Lori Leohner, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorney, which have been attached to this Complaint, is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorney where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of our own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  1/22/2020

_____
Lori Leohner